# WESTMORELAND COUNTY.

## December Term, 1793.

### THOMAS HORSEFIELD v. CRAFT COST.

1793.

TO an action of *trover*, for a *United States* certificate of 41*l.* payable to bearer, brought to *March* term, 1793, and laying the converſion on 1ſt *October*, 1792, the defendant pleaded the general iſſue, and the ſtatute of limitations.

In a ſuit before a juſtice of the peace, in *September*, 1785, judgment had been given againſt *Horſefield*, for 3*l.* 5*s.* 10*d.* *Coſt* became ſecurity for this debt, and *Horſefield* having left the country, the juſtice, about a year after the judgment, at the deſire of *Coſt*, who had this certificate of *Horſefield* in his hand, iſſued an execution, on which *Coſt* gave up the certificate to the conſtable, for ſale, who after the uſual notice, ſold it to *Coſt* for 5*l.* The ſale was open and fair, and the price ſuppoſed reaſonable. No demand of the certificate was made of *Coſt* till *January*, 1793, when demand was made by *Horſefield*'s attorney. *Coſt* refuſed to give it, ſaying he bought it at conſtable's ſale, and that *Horſefield* was yet in his debt. Together with the demand, an offer was alſo made to pay *Coſt* the debt due him by *Horſefield*.

*Roſs*, for the defendant. The material points in *trover* are property and converſion. This certificate was left for ſafe cuſtody. A pawn cannot be ſold by the private authority of the pledgee; but if he ſue, he may take the pawn in execution, and ſell it by authority of law. The ſale by the conſtable, and the purchaſe made by *Coſt*, a public and notorious act, was clearly a converſion, and the ſtatute of limitations, running from that, bars this action.

1 *Bac.* 237-8.
2 *Eſp.* 359.

*Brackenridge*, for the plaintiff. The property of goods pawned is not altered, but remains in the pawnor, to be redeemed at any time. The ſtatute of limitations does not prevent our recovery. The cauſe of action accrues only from demand and refuſal. No ſuit could have been

L 4

brought without fuch demand and refufal. The fale is the act of *Coft*, and wholly of his contrivance. You ought to give in damages the value of the certificate at the time of the demand, that is 41*l.* with intereft.

PRESIDENT. There are three queftions :—1 Whether there be property in plaintiff ?—2. Whether there be a converfion by defendant ? and,—3. When this converfon was ? On thefe a fourth queftion may arife,— What damages ought to be recovered ?

There can be no doubt, that a certificate, the property of the plaintiff has been converted to the ufe of the defendant. But if the defendant has done this in a legal manner, the plaintiff is bound by it. For, to fupport *trover*, there muft be a wrongful converfion.

If this property had been fuch as might be taken in execution, as a horfe or other chattle, clearly *Coft* had a right to give it up to fatisfy the execution for the fatisfaction of which he was fecurity, and to fave himfelf ; and the purchafe at the conftable's fale would have been legal, and the converfion juftifiable. It would be ftrange if the furety muft give up his own goods, when he can give goods of the debtor. And though there be ground to doubt, whether this certificate could be *taken* in execution, there can be no doubt, that it might be *given* in execution. Being payable to bearer, it is transferable by delivery without affignment ; and its real value being depreciated below the value apparent on the face of it ; it feems to have been a proper article to bring to market to afcertain its value. Why then, might not *Coft*, left with the cuftody of this certificate, and burdened with the payment of this debt, have *given* this certificate in execution for this debt, in the fame manner, as *Horfefield* himfelf might have done ?

*Francis v. Nafb. Ca. temp. L. Hardw. B. R.* 53.

But, without faying any thing certainly on this point, we muft, on the third queftion, at what time the converfion was made, clearly decide this cafe, in favour of the defendant, on his plea of the ftatute of limitations. Demand and refufal is not a converfion, it is but evidence of a converfion, of which there may be other evidence. Though demand and refufal be frequently the only evidence that can be given of converfion, yet, if converfion can be proved, without proving demand and refufal, they need not be proved. The converfion

1 *St. L.* 95. 10 *Co.* 56-7.

1793.

here was at the time of the sale. Since that time, the plaintiff has suffered more than six years to elapse, without bringing an action; and this action now brought, after six years, is therefore barred by the statute of limitations; and you must find for the defendant.

The jury found for the defendant accordingly.